THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.:

TALMERA USA, INC., individually
and for the use and benefit of ROYAL
& SUN ALLIANCE INSURANCE
COMPANY OF CANADA,

    Plaintiffs,

v.

LANDSTAR GLOBAL LOGISTICS, INC.,
LANDSTAR SYSTEM, INC.,
and JOTS LOGISTICS, LLC.,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Talmera USA, Inc. (hereinafter "Talmera"), individually and for the use and benefit of Royal & Sun Alliance Insurance Company of Canada (hereinafter "Royal & Sun"), both by and through the undersigned attorney, hereby files this Complaint against Defendants, Landstar Global Logistics, Inc. (hereinafter "Landstar Global"), Landstar System, Inc. (hereinafter "Landstar System") and JOTS Logistics, LLC. (hereinafter "JOTS") and states that:

1. This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated on 28 USC

section 1333. In the alternative, Jurisdiction is predicated on 28 USC section 1332. The amount in dispute is in excess of $75,000.

2. Plaintiff Talmera is a corporation registered pursuant to the laws of Washington. At all times material hereto, Plaintiff Talmera was in the business of exporting and distributing dairy products. Plaintiff Talmera brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

3. At all times material hereto, Plaintiff Royal & Sun was the cargo insurer for the consignment of damaged cargo owned by Plaintiff Talmera. Plaintiff Royal & Sun paid its insured Plaintiff Talmera for the damaged cargo and as a result thereof, became legally and equitably subrogated in the amount of its payment.

4. Defendants Landstar Global and Landstar System are companies incorporated pursuant to the laws of Florida and have a business address located at 13410 Sutton Park Drive South, Jacksonville, Florida 32224, where they carry on businesses as a common carrier, freight forwarder, charterer and non-vessel operating common carrier (collectively, the "NVOCC").

5. Defendant JOTS is a company incorporated pursuant to the laws of Michigan and has a business address of 150001 Kercheval Ave #528, Grosse Pte Pk,

Michigan. At all material times, JOTS acted as agent for the NVOCC and any related Landstar companies in respect of the subject shipment.

6. At all material times material hereto, Plaintiff Talmera was the owner of a shipment of 2000 cases of sliced cheese products for the purpose of exporting and distribution for profit (the "Cargo").

7. Prior to December 28, 2021, Plaintiff Talmera and the NVOCC, either directly or indirectly through its agent JOTS, entered into an agreement and/or contract of carriage wherein the NVOCC agreed to make arrangements, as principal and non-vessel operating common carrier, to transport the Cargo from Portage, Wisconsin to Busan, South Korea (the "Contract") via multi-modal transportation.

8. Alternatively, the NVOCC entered into the Contract with the Plaintiff Tamera to act as agent on behalf of the Plaintiff Talmera to make arrangements to transport the Cargo from Portage, Wisconsin to Busan, South Korea.

9. The Contract is evidenced by and/or contained in a Bill of Lading or, alternatively, a waybill, numbered WYW-263030 ("BL") and dated December 30, 2021, wherein Plaintiff Talmera is named as 'Shipper' and Jenico Corporation is identified as the 'Consignee'.

10. The reverse terms of the BL included a Clause Paramount clause as follows:
Clause Paramount: All carriage under this Bill of lading to or from the United

States shall have effect subject to the provisions of the *Carriage of Goods by Sea Act of the United States*, 46 U.S.C. §1300-1315 (hereafter, "COGSA")…

11. COGSA provides, by §1303(1), that: The carrier shall be bound, before and at the beginning of the voyage, to exercise due diligence to…(c) Make the holds, refrigerating and cooling chambers, and all other parts of the ship in which goods are carried, fit and safe for their reception, carriage, and preservation.

12. COGSA further provides, by §1303(2), that: The carrier shall properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried.

13. The BL has the erroneous notation that the temperature for the Cargo is to be set at -16.0 degrees Celsius.

14. The Contract includes express or, alternatively, implied terms that the NVOCC would: follow and abide by the instructions and particulars found in Plaintiff Talmera's Shipping Instruction document; ensure that the Cargo was stored in temperature controlled unit with the temperature set between 2 and 4 degrees Celsius at all times; relay the shipping instructions, including the specific temperature requirements, to the ocean carrier and relevant subcontractors; and such further and other particulars as may become known to the Plaintiff.

15. On November 5, 2021, Plaintiff Talmera provided shipping instructions to JOTS, as agent for the NVOCC, via a Shipping Instruction document that the

Cargo be carried at a temperature of 2 degrees Celsius to 4 degrees Celsius. On the same day, JOTS confirmed these instructions.

16. On or about December 28, 2021, the NVOCC retained Hapag-Lloyd to carry the Cargo aboard the vessel "HYUNDAI PRIDE" (the "Vessel") from New York to Busan, South Korea pursuant to Sea Waybill No. HLCUBSC2111BLGK0 (the "Sea Waybill").

17. The Sea Waybill identifies Landstar System as the 'Shipper' and Jenico Corporation as the 'Consignee'. It also has the erroneous notation that the temperature for the Cargo is to be set at -16.0 degrees Celsius.

18. The Cargo was in good order and condition when loaded by, and care and custody was transferred to, the NVOCC.

19. On December 28, 2021, the Cargo was loaded onto the Vessel.

20. On February 17, 2022, the Vessel arrived and berthed at Busan. The Cargo was discharged that day. Upon arrival, it was discovered that the Cargo was frozen due to being carried at the incorrect temperature.

21. As a result of the Cargo being stored at the incorrect temperature and becoming frozen, the Cargo was rejected by the customer on or about March 14, 2022.

22. The rejection was caused or contributed to by the acts, omissions, breaches of duty, fault, negligence, and breaches of contract of the Defendants.

23. The particulars of the acts, omissions, breaches of duty, fault, negligence, and breaches of contract of the Defendants include, but are not limited to, the following: failing to properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried; failing to make the holds, refrigerating and cooling chambers, and all other parts of the Vessel in which goods are carried, fit and safe for their reception, carriage, and preservation; failing to follow and abide by the instructions and particulars found in the Talmera Shipping Instruction document; failing to ensure that the Cargo would be stored and carried at the proper temperature at all times; failing to advise the ocean carrier of the correct temperature for carrying the Cargo; failing to ensure that the Cargo arrived in the same good order and condition as received; failing to properly train, supervise and oversee its employees; failing to exercise reasonable care in all the circumstances; and such further and other particulars as may become known to the Plaintiff.

24. As a result of the Defendants' Acts, the Cargo was rendered into an unsaleable and unsalvageable condition.

25. As a further result of the Defendants' Acts, the Plaintiffs have sustained loss, damage, and expense, the particulars of which include, but are not limited to, the following: the value of the Cargo; additional cost, including for storage,

surveying, salvage and/or disposal; freight; and such further and other particulars as may become known to the Plaintiffs.

## COUNT I – LANDSTAR GLOBAL

Plaintiffs adopt and reallege each allegation contained in paragraphs 1 through 25 as though fully set forth herein and pleads as follows:

26. The loss or damages to the cargo did not result from any act or omission on the part the Plaintiffs, consignee or shipper, but to the contrary, was the result of the negligence, breach of contract and/or fault of Defendant, Landstar Global, which acted at all material times as principal, carrier for reward, and bailee of the Cargo.

27. Further, Landstar Global is vicariously liable for the fault, negligence, and breaches of its employees, contractors, agents, and representatives.

28. Upon determining that the cargo was damaged, Plaintiff Talmera submitted a claim for damages to its cargo insurer, Royal & Sun. Following its investigation into the matter, the insurer paid the insurance claim and became subrogated to the rights of its assured.

29. By reason of the foregoing, Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Landstar Global for damages, prejudgment interest and costs.

## COUNT II – LANDSTAR SYSTEM

Plaintiffs adopt and reallege each allegation contained in paragraphs 1 through 25 as though fully set forth herein and pleads as follows:

30. The loss or damages to the cargo did not result from any act or omission on the part the Plaintiffs, consignee or shipper, but to the contrary, was the result of the negligence, breach of contract and/or fault of Defendant, Landstar System, which acted at all material times as principal, carrier for reward, and bailee of the Cargo.

31. Further, Landstar System is vicariously liable for the fault, negligence, and breaches of its employees, contractors, agents, and representatives.

32. Upon determining that the cargo was damaged, Plaintiff Talmera submitted a claim for damages to its cargo insurer, Royal & Sun. Following its investigation into the matter, the insurer paid the insurance claim and became subrogated to the rights of its assured.

33. By reason of the foregoing, Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Landstar System for damages, prejudgment interest and costs.

## COUNT III – JOTS

Plaintiffs adopt and reallege each allegation contained in paragraphs 1 through 25 as though fully set forth herein and pleads as follows:

34. The loss or damages to the aforementioned cargo did not result from any act or omission on the part the Plaintiffs, consignee or shipper, but to the contrary, was the result of the negligence, breach of contract and/or fault of Defendant, JOTS.

35. Upon determining that the cargo was damaged, Plaintiff Talmera submitted a claim for damages to their cargo insurer, Royal & Sun. Following its investigation into the matter, the insurer paid the insurance claim and became subrogated to the rights of its assured.

36. By reason of the foregoing, Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant JOTS for damages, prejudgment interest and costs.

BOYD LAW, P.A.

S/Thomas A. Boyd, Jr.

_____

Thomas A. Boyd, Jr.
Florida Bar No. 0762725
6817 Southpoint Parkway,
Suite 1801
Jacksonville, FL 32216
Phone: 904-470-0110
Fax:904-470-0116
tim@boydmaritimelaw.com
Attorney for Plaintiffs